By the Court.
This proceeding was begun in the court of common pleas of Hamilton county by tlie defendant in error against the plaintiff in error. *128 In his petition the plaintiff below alleged substantially that in October, 1905, the defendant held himself out to be a practicing physician and surgeon, and that during said month the plaintiff sustained an injury to the nail and end of the middle finger on his right hand; that he employed the defendant as such physician and surgeon to treat the injury; that the defendant conducted himself, in and about his effort to properly treat and heal said injury, so unskillfully, negligently and unprof essionally,' that the plaintiff thereby wholly lost the said finger and that his right hand became permanently injured. Further allegations as to the extent of the injury resulting from the alleged negligent, unskillful and unprofessional conduct and treatment are set out, and judgment for damages is prayed for.
In his answer the defendant admits that he is a practicing physician and surgeon; that the plaintiff sustained an injury to the nail and end of the middle finger of his right hand and that the defendant was employed by the plaintiff for consideration to treat said injury, and denies each and every other allegation in the petition contained.
On the trial a verdict was rendered for the plaintiff and the circuit court affirmed the judgment of the court of common pleas which was entered thereon. Error is prosecuted here to reverse the judgments below.
There was considerable testimony introduced by the plaintiff which tended to sustain the issue on his part. In the progress of the treatment several amputations were made, and the jury, in answer to special interrogatories submitted on the application *129 of the defendant below, found that the defendant failed to sterilize his instruments and neglected to properly cleanse the wound at the time of the first amputation, and that the treatment by the defendant was “not such as is used by physicians and surgeons of ordinary skill, care and prudence in like or similar conditions and circumstances.” They further found, that at the time of the second amputation, the defendant did not sterilize his instruments, did not cleanse the wound antiseptically and that he did not use such treatment as is used by physicians and surgeons of ordinary skill, care and prudence in like circumstances.
Plaintiff in error urges that the trial court erred in the admission of the testimony of expert witnesses. The plaintiff called a physician as an expert and asked him an hypothetical question, in which, after the nature of the injury was described, there was the following: “Now, what would be the ordinary and proper method — the ordinary, usual and approved method for treating that finger in surgery, the injury having occurred say two hours prior to the time the patient came to you for treatment?” Counsel for plaintiff in error insists that the admission of this question and other similár questions violated the rule laid down in Gillette v. Tucker, 67 Ohio St., 106, in which it is held that the degree of care which the physician or surgeon is bound to exercise is the average degree of skill, care and diligence exercised by members of the same profession, practicing in the same or a similar locality, in the light of the present state of medical *130 and surgical science. In the opinion in that case it is said: “In the engagement of the plaintiff in error, as a surgeon, he assumed to exercise the ordinary care and skill of his profession, in the light of the modern advancement and learning on the subject, and became liable for the injuries resulting from his failure to do so.”
In the same case the court quote and approve the rule stated in Craig v. Chambers, 17 Ohio St., 253: “The implied liability of a surgeon, retained to treat a case professionally, extends no further, in the absence of a special agreement, than that he will indemnify his patient against any injurious consequences resulting from his want of the proper degree of skill, care, or diligence in the execution of his employment.”
It would seem to be clear that a proper course to be followed in the determination of the question whether the average or proper degree of care, skill and diligence has been exercised in a particular case is to ascertain the ordinary and proper method in such cases, and then whether such method was followed in the case on trial. There was no error in the admission of the testimony referred to.
It is also insisted that the court erred in its charge to the jury. Substantially the infirmity suggested is that the court in its charge adopted the principle of law which naturally followed the admission of the testimony to which we have referred.
The court, at the request of the plaintiff in error, gave the following special charge: “In order to recover, the plaintiff must show, by a preponderance of the evidence, and the jury must find, that *131 the defendant, in the treatment of the injury to plaintiff’s finger, either did some particular thing or things that physicians and surgeons of ordinary skill, care and diligence would not have done under like or similar conditions or circumstances: Or, that the defendant did some particular thing or things, in a manner that physicians and surgeons of ordinary skill, care and diligence would not have done in like or similar conditions or circumstances: Or, that the defendant failed or omitted to do some particular thing or things that physicians and surgeons of ordinary skill, care and diligence would have done under like or similar conditions and circumstances :
“And the plaintiff must also further show and the jury find that the injury complained of was the direct result of such doing or failing to do some one or more of such particular things.”
This fairly stated the question made in the case and the general charge was in entire harmony with the propositions laid down in the special request, and the court fully charged on the issues made in the pleadings.
As we have indicated, there was substantial evidence in support of the contentions of both parties, and the court properly left the question for the determination of the jury. We find no error in the record, and the judgments below are affirmed.

Judgments affirmed.

Shauck, Johnson, Donahue, Wanamaker, Newman and Wilkin, JJ., concur.